United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-10941
Summary Calendar

---

THOMAS BRYANT,

Plaintiff-Appellant,

versus

STONEGATE VILLAS; ET AL.,

Defendants,

METRIC PROPERTY MANAGEMENT, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 4:03-CV-212-Y)

---

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have reviewed the summary judgment record de novo and agree with the district court that summary judgment was properly granted in favor of Appellee Metric Property Management, Inc. We agree with Metric Property that Appellant Bryant's suit sounded in tort for limitations purposes, and that the suit was therefore subject to a two-year limitations period under Texas law. Although in November of 2000 Bryant resided in the apartment alleged to be contaminated, he failed to bring suit until of October of 2002 and then failed to serve the defendant until March of 2003. As to both the personal injury and property damage claims, summary judgment was warranted because Bryant failed to file suit and employ due diligence to serve Metric Property prior to the expiration of the applicable limitations period.

We do not agree with Bryant that the limitations period for his property damage claims did not begin to run until the publication of the Upah report in March of 2001, which merely confirmed the existence of certain molds in his apartment. Bryant was a certified environmental inspector and suspected environmental contamination of the apartment months before the Upah report issued. In December of 2000 Bryant sought medical attention and had noticed that his symptoms got worse when he was in his apartment. Dr. Rea attested that Bryant sought treatment in January 2001 with complaints of mold exposure. In these circumstances the limitations period was not tolled until the date of the Upah report. The general rule is that "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." S.V. v. R.V., 933

2

S.W.2d 1, 4 (Tex. 1996). The discovery rule is not applicable because it only extends the limitations period in cases where "the alleged wrongful act and resulting injury were inherently undiscoverable at the time they occurred . . . ." Id. at 6. An injury is considered inherently undiscoverable only "if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." Id. at 7. In the pending case, Bryant suspected mold contamination, complained of such, looked into new ducts for his apartment, and sought testing for mold before the issuance of the Upah report. The alleged property damage was not inherently undiscoverable prior to the report.

If we reached the question of the lack of evidence of causation to resist summary judgment, we would be inclined to agree with the opinion of the district court. AFFIRMED.